# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ENRIQUE LAGUNAS,

    Plaintiff,

v.

NEVADA BOARD OF PRISON COMMISSIONERS, *et al.,*

    Defendants.

2:18-cv-02039-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]

This case involves a civil rights action filed by Plaintiff Enrique Lagunas ("Lagunas") against Rene Pena, Benedicto, Gutierrez, Sonya Carillo, Frank Dreesen, Romeo Aranas, James Dzurenda, Brian Sandoval, Barbara Cegavski and Adam Laxalt (collectively referred to as "Defendants"). Currently pending before the court is Lagunas's motion for preliminary injunction. (ECF No. 22.) Defendants responded (ECF Nos. 23, 25).[2] Lagunas did not file a reply brief. Having thoroughly reviewed the record and papers, the court recommends that Lagunas's motion for preliminary injunction (ECF No. 22) be denied.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Lagunas is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), and is currently housed at Southern Desert Correctional Center ("SDCC") in Indian Springs, Nevada. (ECF No. 5.) On October 22, 2018, Lagunas submitted his initial complaint and an application to proceed *in forma pauperis.* (ECF Nos. 1, 1-1.)

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2] ECF No. 25 consists of sealed documents filed in support of Defendants' opposition.

In his complaint, Lagunas alleges the following: Lagunas has been diagnosed as having "brain damage" as a result of a mugging. *Id.* at 7. Lagunas has both a physical and mental impairment. *Id.* at 14. Lagunas has also been diagnosed as having Hepatitis C ("Hep-C"). *Id.* In January 2017, while incarcerated, Lagunas requested the results of a Hep-C blood panel. *Id.* at 7. Carrillo informed Lagunas that the blood panel showed that his APRI score was not high enough to be considered for treatment. *Id.* This suggested that Lagunas would need to be sicker before he would qualify for treatment for his Hep-C. *Id.*

Lagunas submitted an informal grievance to Dreesen and Carrillo. *Id.* The informal grievance stated that without treatment his liver would continue to deteriorate. *Id.* When the informal grievance was denied, Lagunas filed a first-level grievance. *Id.* at 8. Gutierrez responded that Lagunas's APRI score was not high enough to qualify for treatment. *Id.* Lagunas then submitted a second-level grievance. *Id.* at 9. Aranas marked the grievance resolved, noting that Lagunas's symptom of rectal bleeding was not a symptom of Hep-C and that Lagunas would be monitored every six months. *Id.*

Hep-C is a life-threatening disease that progressively damages the liver. *Id.* Defendants Sandoval, Cegavske, Laxalt, and Dzurenda are responsible for creating and promulgating the medical directives that require Lagunas to become sicker before he can receive treatment for Hep-C. *Id.* at 12. Defendants Aranas, Sanchez, Pena, Gutierrez, and Carrillo have turned a blind eye to Lagunas's medical needs. *Id.* Defendants Dzurenda, Howell, Dreesen, Tristan, and Jane and John Does have failed to ensure that adequate policies, funding, and procedures have been requested to provide Hep-C treatment to Lagunas and other inmates. *Id.*

Pursuant to 28 U.S.C. § 1915A(a), the District Court screened the complaint on September 30, 2019. (ECF No. 4.) Based on the allegations in the complaint, the Court determined Lagunas could proceed on an Eighth Amendment deliberate indifference to serious medical needs claim against Defendants. (*Id.*)

## II. Lagunas's Emergency Motion for Preliminary Injunction

On January 19, 2021, Lagunas filed an emergency motion for preliminary injunction and/or protective order under Rule 65. (ECF No. 22.) In the motion, Lagunas asserts that he was diagnosed with Hep-C in 2009 and due to the failure to provide him treatment, his medical condition is getting worse. (Id. at 2). He claims that he will suffer irreparable damage to his liver and internal organs unless he receives treatment. (*Id.* at 3). Lagunas requests that the court order that he receive treatment for his Hep-C immediately. (*Id.* at 4.)

In response, Defendants argue that a preliminary injunction is inappropriate because: (1) Lagunas cannot demonstrate he will suffer irreparable injury without immediate treatment; (2) Lagunas cannot establish a strong likelihood that he will succeed on his claim; and (3) the new NDOC policy related to Hep-C treatment and Consent Decree render Lagunas's motion moot because he will receive Hep-C treatment in order of priority of other NDOC inmates. (ECF No. 23.)

## II. LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must cons*Id*er the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) (quotation marks and citation omitted). The instant motion requires the Court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20

(citations omitted).

Before *Winter*, courts in the Ninth Circuit applied an alternative "sliding-scale" test for issuing a preliminary injunction that allowed the movant to offset the weakness of a showing on one factor with the strength of another. *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *see also Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir. 2005). In *Winter*, the Supreme Court did not directly address the continued validity of the Ninth Circuit's sliding-scale approach to preliminary injunctions. *See Winter*, 555 U.S. at 51; *see also Alliance*, 632 F.3d at 1131. The Ninth Circuit has since found that post-*Winter*, this circuit's sliding-scale approach, or "serious questions" test survives when applied as part of the four-element *Winter*'s test. *Alliance*, 632 F.3d at 1131-32. "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* (citations omitted). The portion of the sliding-scale test that allowed injunctive relief upon the possibility, as opposed to likelihood, of irreparable injury to the plaintiff, was expressly overruled by *Winter*. *See Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1127 (9th Cir. 2009).

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought. The Ninth Circuit has noted that although the same general principles inform the court's analysis, "[w]here a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984); *see also Committee of Cent. American Refugees v. Immigration & Naturalization Service*, 795 F.2d 1434, 1442 (9th Cir. 1986). Thus, an award of mandatory preliminary relief is not to be granted unless both the facts and the law clearly favor the moving party and extreme or serious damage will result. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quoting *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir.

4

1979)).

Finally, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.  The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. §3626(a)(2).  Thus, section 3626(a)(2) limits the Court's power to grant preliminary injunctive relief to inmates.  *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000).  "Section 3626(a)(2) . . . operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum."  *Id.* at 999.

**III.    DISCUSSION**

Having reviewed Lagunas's filings with the above-cited principles in mind, it is clear that Lagunas has not made the showing required for an injunction to issue.

First, Lagunas he has not shown he will suffer irreparable harm if he does not receive Hep-C treatment ("DAA") immediately.  *See Winter*, 555 U.S. at 20. The only records provided by Lagunas is a copy of a grievance response he received in 2017 – over three years ago. (ECF No. 22 at 6). This document does not provide any information related to Lagunas's present Hep-C prognosis or liver function.

However, Defendants' did provide some of Laguna's medical records. (ECF No. 25-1; 25-2). These records reveal that Lagunas has been monitored by the Chronic Disease Clinic at NDOC to monitor his Hep-C. (ECF No. 25-1). In addition, Lagunas's blood tests show that he has a fibrosure score of F1. (ECF No. 25-2 at 40). These records indicated that there was an absence of "clinically significant fibrosis." (*Id.* at 5).

As such, Lagunas has failed to provide evidence to the court which would establish that he will suffer irreparable harm if he is not provided immediate Hep-C treatment.

Moreover, Lagunas's request for treatment is moot because he is currently in line to receive DAA treatments for his Hep-C. NDOC Medical Directive 219 was recently updated which provides that all inmates who test positive for Hep-C will be treated with DAAs (unless certain conditions apply.) (ECF No. 23-1). Therefore, pursuant to MD 219, Lagunas will receive DAA treatments. In addition, in 2020 a Consent Decree was entered by the District of Nevada, which settled a class action lawsuit related to Hep-C treatments in the NDOC. (ECF No. 23-3). Pursuant to the Consent Decree, all current and future NDOC inmates within NDOC custody who have a been diagnosed with Hep-C and who have a certain period of time remaining on their sentence are eligible for DAA treatments. (*Id.*) The treatment will be provided in order of priority based on determinations related to various factors specific to each inmate. (*Id.*) The Consent Decree also requires that the DAA treatment must be provided within certain timeframes from the entry of the decree. (*Id.*) Based on MD 219 and the Consent Decree, Lagunas is eligible for, and will receive, DAA treatment in order of priority with all other NDOC inmates who have tested positive for Hep-C in due course.

Having found that Lagunas has not made the requisite showing that he is not likely suffer irreparable harm if not immediately provided DAA treatment and that Lagunas will be receiving DAA treatment pursuant to the Consent Decree based on his priority level, the court concludes that a preliminary injunction is not warranted.

**IV.  CONCLUSION**

Based upon the foregoing, the court recommends that Lagunas's motion for preliminary injunction (ECF No. 22) be denied.

The parties are advised:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled

"Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Lagunas's motion for preliminary injunction (ECF No. 22) be **DENIED**.

**DATED**: February 16, 2021.

_____
**UNITED STATES MAGISTRATE JUDGE**