UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ENRIQUE LAGUNAS,

               Plaintiff,

v.

NEVADA BOARD OF PRISON
COMMISSIONERS, *et al.*,

               Defendants.

Case No. 2:18-cv-02039-MMD-CLB

ORDER

## I.   SUMMARY

*Pro se* Plaintiff Enrique Lagunas brings this 42 U.S.C. § 1983 action, alleging that Defendants[1] were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when Defendants failed to treat his Hepatitis C ("Hep C") condition. (ECF Nos. 4, 5.) Before the Court is the Report and Recommendation of United States Magistrate Judge Carla L. Baldwin. (ECF No. 43 ("R&R").) The R&R recommends granting Defendants' summary judgment motion (ECF No. 35). Lagunas timely filed an objection to the R&R. (ECF No. 44 ("Objection").)[2] Because the Court agrees with Judge Baldwin that Lagunas has failed to meet his burden on summary judgment—as further explained below—the Court overrules the Objection and adopts the R&R in full.

## II.   BACKGROUND

The Court incorporates by reference Judge Baldwin's recitation of the factual background provided in the R&R, which the Court adopts here. (ECF No. 43 at 2-4.)

---

[1]Current Defendants in this action are Brian Sandoval, Barbara Cegavske, Adam Laxalt, James Dzurenda, Romeo Aranus, Rene Pena, Ben Gutierrez, Sonya Carillo, and Frank Dreesen (collectively, "Defendants"). (ECF Nos. 4 at 9, 5 at 3-6.) On September 30, 2019, the Court dismissed the Nevada Board of Prison Commissioners, Jerry Howell, and David Tristan. (ECF No. 4 at 9-11.) On May 3, 2021, the Court also dismissed Francisco Sanchez. (ECF No. 34.)

[2]Defendants filed a response to the Objection. (ECF No. 45.)

1

## III.    LEGAL STANDARD

2

### A.    Review of the Magistrate Judge's Recommendation

3       This Court "may accept, reject, or modify, in whole or in part, the findings or

4    recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

5    timely objects to a magistrate judge's report and recommendation, then the Court is

6    required to "make a de novo determination of those portions of the [report and

7    recommendation] to which objection is made." *Id.* The Court's review is thus *de novo*

8    because Lagunas timely filed his Objection (ECF No. 44).

9

### B.    Summary Judgment

10       "The purpose of summary judgment is to avoid unnecessary trials when there is no

11    dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. United States Dep't of*

12    *Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). Summary judgment is

13    appropriate when the pleadings, the discovery and disclosure materials on file, and any

14    affidavits "show there is no genuine issue as to any material fact and that the movant is

15    entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

16    An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-

17    finder could find for the nonmoving party and a dispute is "material" if it could affect the

18    outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477

19    U.S. 242, 248-49 (1986).

20       Where reasonable minds could differ on the material facts at issue, however,

21    summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence

22    necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to

23    resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718

24    F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253,

25    288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and

26    draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement*

27    *Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986) (citation omitted).

28

1   The moving party bears the burden of showing that there are no genuine issues of
2   material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once
3   the moving party satisfies the requirements of Federal Rule of Civil Procedure 56, the
4   burden shifts to the party resisting the motion to "set forth specific facts showing that there
5   is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not
6   rely on denials in the pleadings but must produce specific evidence, through affidavits or
7   admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*,
8   929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is
9   some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783
10  (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,
11  586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's
12  position will be insufficient[.]" *Anderson*, 477 U.S. at 252.

13  **IV.   DISCUSSION**

14  Following a *de novo* review of the R&R and other records in this case, the Court
15  finds good cause to accept and adopt Judge Baldwin's R&R.

16  Judge Baldwin recommends that Defendants be granted summary judgment as
17  Lagunas has not produced evidence which demonstrates an issue of fact exists as to
18  whether Defendants were deliberately indifferent to Lagunas's medical needs. (ECF No.
19  43 at 10.) This was due to Lagunas's failure to oppose Defendants' summary judgment
20  motion.[3] (*Id.*) Moreover, to the extent that Lagunas's claim is based on his disagreement
21  with Defendants' choice of treatment, this does not amount to deliberate indifference. (*Id.*
22  (citing *Toguchi v. Chung*, 391 F.3d 1050, 1057 (9th Cir. 2004))). Lagunas appears to make

23

24

_____

25  [3]In his Objection, Lagunas appears to explain his lack of opposition to Defendants'
summary judgment motion was due to the following reasons: 1) Nevada had just come off
26  a declaration of emergency, 2) Lagunas did not know how to answer the motion, and 3)
the law library at Southern Desert Correctional Center ("SDCC") was closed. (ECF No. 44
27  at 8-9.)  While the Court is sympathetic towards Lagunas's expressed circumstances,
Lagunas must nevertheless comply with the procedural rules governing Defendants'
28  motion. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam). However, in
light of Lagunas's *pro se* status, the Court will address in this order his opposition to
granting summary judgment to Defendants.

several objections and argues the following.[4] First, Lagunas argues that Defendants were not following Medical Directive 219 ("MD 219") despite their assertion that Lagunas was treated appropriately. (ECF No. 44 at 3.) Second, treatment was "totally unacceptable" when Lagunas's aspartate aminotransferase to platelet ratio index ("APRI") levels kept progressively rising. (*Id.* at 4.) Third, the Board and Former Directors should have "taken action to fix, repair, and or adjust medical treatment in policies as needed."[5] (*Id.* at 5.) Fourth, there is a genuine dispute of fact because a reasonable jury could find for Lagunas based on a similar case. (*Id.*) Finally, Medical Director Michael Minev could not have decided that Lagunas did not need treatment when the medical notes were illegible and Minev did not know if a qualified person saw Lagunas.[6] (*Id.* at 8.) Because the Court does not find these arguments convincing, the Court will set forth the legal standard for Eighth Amendment deliberate indifference claims and will address Lagunas's relevant arguments in turn.

### A.    Deliberate Indifference to a Serious Medical Need

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he or she acts with "deliberate indifference" to the serious medical needs of an inmate. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a

---

[4]The Court notes that it finds it difficult to decipher Lagunas's arguments in the manner it was written in the Objection. As such, the Court construes Lagunas's arguments accordingly as stated in this order.

[5]The Court construes "Board and Former Directors" as meaning the Nevada Board of Prison Commissioners (the "Board"). The Board is an agency of the State of Nevada and thus an arm of the State and not a person for purposes of § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). The Court previously dismissed the Board from this action (ECF No. 4 at 3-4, n.1), therefore the Court declines to address the merits of this argument.

[6]Michael Minev is not named in Lagunas's complaint as a defendant. (ECF No. 5). The Court therefore declines to address this objection.

subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotations omitted). When an inmate alleges delay of medical treatment evinces deliberate indifference, the inmate must show the delay led to further injury. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Toguchi*, 391 F.3d at 1060.

A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Additionally, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Or. State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that a difference of opinion amounted to deliberate indifference, the inmate "must show that the course of treatment the doctors

5

1
2
3

chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

4

### B.     Medical Directive 219

5
6
7
8

Lagunas argues that Defendants were not following MD 219. (ECF No. 44 at 3.) More specifically, Lagunas directs the Court to § 219.04's priority level 2 classification for inmates with APRI scores of 0.70 and higher, to presumably argue that his classification as priority level 2 entitled him to treatment. (ECF No. 44 at 3.) The Court disagrees.

9
10
11
12
13
14
15
16

Lagunas's reliance on § 219.04 is misplaced because it was not in effect at the relevant time Lagunas's allegations arose in this action. Section 219.04 created a priority-level criteria for Hep C treatment and became effective in July 2020. (ECF No. 35-3 at 17-22.) Lagunas filed this action in September 2018. (ECF No. 1.) The prior—and relevant—version of MD 219 did not include the priority-level criteria, and thus Lagunas's argument is not sound. *See In Re HCV Prison Litig.*, Case No. 3:19-cv-00577-MMD-CLB ("HCV Prison Litig."), ECF No. 10-2 (D. Nev. Dec. 9, 2019) (prior version of MD 219, "Eff. May 17, 2017").

17
18
19
20
21
22
23
24
25
26
27
28

Even if the Court were to apply the appropriate version of MD 219 to Lagunas's argument, Lagunas would be unable to show Defendants were not following MD 219. Section 219.01 sets forth the treatment of Hep C, and Subsection 2 sets forth the exclusion criteria for treatment. Section 219.01(2) expressly states that exclusion for treatment includes an "APRI score of < 2.0." Here, the record shows that Lagunas had an APRI score of 0.76 in May 2017. (ECF No. 25-2 at 16-17.) On May 16, 2017, an official response from the Nevada Department of Corrections ("NDOC") informed Lagunas that he needed an "Apri score greater than 2" for his case to be sent to the Hepatitis C Review Committee. (ECF No. 35-1 at 2.) Lagunas would have known about this requirement, as the record further shows that on January 27, 2017, an NDOC staff member had informed Lagunas that he needed an APRI score of 2.0 to be considered for treatment. (*Id.* at 4.) Accordingly, the Court does not find that Defendants were not following MD 219.

### C.    Rising APRI Levels

Lagunas argues the treatment he received was "totally unacceptable" because the NDOC medical staff knew he had Hep C and that his APRI levels kept on rising. (ECF No. 44 at 4.) The Court is unconvinced by this argument.

Medical progress notes in the record show Lagunas's APRI scores were observed by the NDOC. (ECF No. 37-2 (sealed).) The notes also show NDOC staff had spoken to Lagunas about his Hep C and were monitoring his condition. (*Id.*) Lab results further show Lagunas had the following APRI score: 0.64 in January 2017, 0.76 in May 2017, 0.89 in July 2017, 0.62 in January 2018, and 0.48 in August 2019. (ECF No. 25-2 (sealed).) Although Lagunas argues he should have received treatment as his APRI scores increased, the record shows that he was being monitored and lab results also reveal that his scores decreased beginning in January 2018. (*Id.*) Moreover, while Lagunas argues the treatment he received was unacceptable based on his increasing APRI score, a difference of opinion between an inmate and prison medical authorities regarding treatment does not rise to a § 1983 claim. *See Franklin*, 662 F.2d at 1344.

### D.    Genuine Dispute of Fact

In his Objection, Lagunas recites a portion of the summary judgment legal standard from Judge Baldwin's R&R that "[a] dispute is 'genuine' only where a reasonable jury could find for the nonmoving party." (ECF No. 44 at 5 (quoting ECF No. 43 at 4).) Lagunas appears to do so to argue, and the Court construes as such, that based on *HCV Prison Litig.*, that a jury could find for Lagunas that Defendants were deliberate indifferent to his serious medical need. (*Id.*) Defendants counter that the Consent Decree in *HCV Prison Litig.* merely dealt with the treatment of inmates and no party made any admission of law or fact. (ECF No. 45 at 5.) The Court agrees with Defendants.

At the summary judgment phase of litigation, an issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *See Anderson*, 477 U.S. at 248-49. Here, Defendants submitted

1  authenticated evidence regarding the medical treatment Lagunas received for his Help C
2  condition (ECF Nos. 35-1 - 35-13, 37-1 - 37-3 (sealed)), and Lagunas failed to file an
3  opposition to Defendants' motion for summary judgment. Therefore, Judge Baldwin
4  appropriately found that Lagunas did not come forward with any evidence to create an
5  issue of fact as to whether Defendants deliberately denied or delay treatment. (ECF No.
6  43 at 8-10.)

7        Because of Lagunas's *pro se* status, the Court considers his argument that a jury
8  could find for him because the Court, in *HCV Prison Litig.*, found for a class of inmates
9  with Hep C in a similar suit against the NDOC. (ECF No. 44 at 5-6.) In *HCV Prison Litig.*,
10  a class of inmates in NDOC custody alleged, in part, that the NDOC violated the Eighth
11  Amendment when they failed to provide adequate medical care according to the clearly
12  established medical standard of care. *See HCV Prison Litig.*, ECF No. 10. On October 29,
13  2020, the parties entered a Consent Decree that established the treatment and monitoring
14  of inmates with Hep C in NDOC custody. *See HCV Prison Litig.*, ECF No. 80. The Decree
15  expressly stated that, "[b]y agreeing to entry of this Consent Decree, the Parties make no
16  admission of law or fact with respect to the allegations in the Complaint." (*Id.*) As such,
17  and despite Lagunas's argument, Defendants are not admitting liability nor has the Court
18  "found for the plaintiffs" as Lagunas argues. (ECF No. 44 at 5.) The Court, having
19  examined *HCV Prison Litig.*, cannot construe the case in Lagunas's favor as evidence a
20  jury could find for him that Defendants were deliberate indifferent to his Hep C condition.
21  Lagunas therefore has not produced evidence demonstrating an issue of fact to meet his
22  burden on summary judgment, and the Court will thus grant summary judgment in favor
23  of Defendants.

24  **V.    CONCLUSION**

25        The Court notes that the parties made several arguments and cited to several cases
26  not discussed above. The Court has reviewed these arguments and cases and determines
27  that they do not warrant discussion as they do not affect the outcome of Defendants'
28  motion for summary judgment before the Court.

It is therefore ordered that the Report and Recommendation of Magistrate Judge Carla L. Baldwin (ECF No. 43) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 35) is granted.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 13th Day of December 2021.


_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

9